UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CURTIS LOVELL JOHNSON MILES,                                                    Plaintiff,

v.                                                             Civil Action No. 3:17-cv-P514-DJH

MATTHEW KENNINGTON *et al.*,                                                   Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION

This is a civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted *pro se* Plaintiff Curtis Lovell Johnson Miles leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF COMPLAINT

Plaintiff brings this action against four named Defendants – Louisville Metro Police Department (LMPD) Officer Matthew Kennington, in both his official and individual capacities; Kentucky Department of Corrections (KDOC) Manager Johnathon Hall, in both his official and individual capacities; Commonwealth's Attorney Tom Wine, in his official capacity only; and Circuit Court Judge Audra Eckerle, in her official capacity only. Plaintiff also names "unknown caseworkers" from "Louisville Probation and Parole" as Defendants in both their official and individual capacities.

Plaintiff's allegations are based upon prior criminal arrests and convictions. Plaintiff's allegations begin in 2004 when he states that he was charged with burglary. Plaintiff claims that he spent several months in jail before this charge was dismissed. Plaintiff alleges that he was then arrested for the same crime in 2005 and spent six months in jail before the charge was again

dismissed. Plaintiff states that, in 2006, he was again arrested on the same charge and then spent 21 months in jail before being unlawfully convicted of the crime and receiving a 10-year sentence. Plaintiff claims that the LMPD violated his constitutional rights by continuing to arrest and charge him for a crime "that had been legally dismissed."

Plaintiff also claims that the 21-month period that he spent in jail between his final arrest and ultimate conviction violated his right to a speedy trial. He further claims that his constitutional rights were violated by his conviction because he had verbally retracted his guilty plea and was not present in the courtroom when he was sentenced.

Plaintiff next claims that unknown caseworkers at "Louisville Parole and Probation" violated his rights when they calculated his sentence in October 2007. He alleges that these case workers "manipulated, modified, and sabotaged" the calculation of his sentence which led to him receiving a longer sentence than he should have received. He alleges that these individuals changed his arrest date and his parole eligibility date. Plaintiff also alleges that the "Parole Board" violated his rights in 2008 by giving Plaintiff "a 2-year deferment" and by "reviewing Plaintiff" two months after his review date.

Plaintiff further alleges that he was charged with escape in 2009. Plaintiff claims that the KDOC unlawfully charged him with escape because he was "8-months past his . . . outdate" when he was charged and KDOC had failed to release him when he had satisfied his sentence. Plaintiff claims that the KDOC further violated his rights by using forged documents that showed that he "was a Class-D, PFO-1 sentence," miscalculating his jail-credit time, refusing to give Plaintiff all of his accrued credits at the same time, withholding Plaintiff's meritorious "good time," and unlawfully holding Plaintiff in custody past his minimum outdate. Plaintiff claims that as result of these violations he received "another 5-years for escape and burglary in 2009."

Plaintiff next claims that when he tried to contact the news media about his plight, the KDOC sent Plaintiff to "Class-D Jails" even though it is unlawful to send prisoners with more than a 10-year sentence to such facilities. Plaintiff alleges that the KDOC sent him to these jails as a form of punishment for contacting the news media. He further alleges that these jails do not allow prisoners access to a law library and that one jail read all outgoing mail "if you're targeted" and all incoming mail "if you're targeted or not!"

Plaintiff also states that, in 2013, he filed a motion in the circuit court asking for a sentence recalculation and to be called back to court. Plaintiff states that he wanted to tell the court how his prior judge, Louisville Probation and Parole, and the KDOC "had conspired to manipulate, modify, and sabotage [his] original 10-year sentence to keep [him] incarcerated as long as possible." Plaintiff claims that Defendant Chief Circuit Court Judge Eckerle violated his rights by denying his motion "to be called back to court" and by ordering the KDOC, the same organization that had "sabotaged" his original sentence, to recalculate his sentence.

Plaintiff then states that the main reason the agencies and individuals named in this action violated his rights is because he contacted the news media in 2007 and informed them that LMDC had a "staph infection epidemic." Plaintiff also alleges that he tried to use his knowledge of criminal activity being committed by members of the Kentucky Department of Transportation to get out of jail.

As relief, Plaintiff seeks compensatory and punitive damages and an apology from Defendants.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its

legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. STATUTE OF LIMITATIONS

At the outset, the Court notes that it appears that most, if not all, of Plaintiff's claims are barred by the statute of limitations applicable in § 1983 cases in Kentucky. The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1). *Collard* v. *Ky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim

5

alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). While the statute of limitations is an affirmative defense, when the face of the complaint shows that an action is time barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 at 215 (2007); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate."). Nonetheless, despite this apparent bar to several of Plaintiff's claims, the Court will also address why dismissal is appropriate on other grounds.

## B. NAMED DEFENDANTS

### 1. Defendant LMPD Officer Matthew Kennington

Plaintiff sues Defendant LMPD Officer Matthew Kennington in both his official and individual capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Defendant Kennington, as an employee of the LMPD, is actually against his employer, the Louisville Metro Government. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or private corporation is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). To demonstrate municipal liability, a

plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[A] municipality cannot be held liable solely because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)).

Here, Plaintiff does not allege that his repeated arrests occurred as the result of a Louisville Metro Government custom or policy. Thus, the Court will dismiss Plaintiff's official-capacity claim against Defendant LMDC Officer Kennington for failure to state a claim upon which relief may be granted.

The Court will also dismiss Plaintiff's individual-capacity claim against Defendant LMDC Officer Kennington because Plaintiff does not make specific allegations against him in the complaint. *See Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability.").

**2. Defendant KDOC Manager Johnathon Hall**

Plaintiff also sues Defendant KDOC Manager Johnathan Hall in both his official and individual capacities. State actors sued in their official capacity for damages are entitled to Eleventh Amendment immunity, *Kentucky v. Graham*, 473 U.S. at 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."), and are not "persons" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Thus, the Court will dismiss the claims against Defendant KDOC Manager Johnathon Hall in his official capacity.

The Court will also dismiss Plaintiff's individual-capacity claims against Defendant KDOC Manager Johnathon Hall for the same reason it dismissed the individual-capacity claim against Defendant LMPD Officer Kennington - because Plaintiff does not make specific allegations against him in the complaint.

**3. Defendants Circuit Court Judge Eckerle & Commonwealth's Attorney Tom Wine**

Plaintiff next indicates that he is suing Defendant Circuit Court Judge Eckerle and Commonwealth's Attorney Tom Wine in their official capacities. As stated above, Plaintiff alleges that Defendant Circuit Court Judge Eckerle violated his constitutional rights by denying his 2013 motion "to be called back to court" to present evidence that various agencies and individuals had conspired to modify his original sentence and by ordering the KDOC, the same agency that Plaintiff's alleges "sabotaged" his original sentence, to recalculate his sentence. Plaintiff does not specifically mention Defendant Commonwealth's Attorney Tom Wine in his complaint. However, even if he had, Plaintiff's claims against these Defendants would fail for the same reason Plaintiff's official-capacity claims against KDOC Manager Johnathon Hall

failed – because state actors sued in their official capacity for damages are entitled to Eleventh Amendment immunity and are not "persons" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. at 71; *Matthews v. Jones*, 35 F.3d at 1049.

### C. REMAINING CLAIMS BARRED BY THE *HECK* DOCTRINE

Plaintiff also asserts that the convictions described in his complaint were unlawful. These claims are clearly barred by the *Heck* doctrine. The *Heck* doctrine provides that a plaintiff may not bring a civil rights claim to obtain monetary damages if judgment in the plaintiff's favor would "necessarily imply the invalidity of his conviction." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "[W]hen a plaintiff brings such a claim he or she must first demonstrate that his or her conviction had been invalidated." *Jackson-El v. Winsor*, 986 F. Supp. 440, 444 (E.D. Mich. 1997). Here, Plaintiff has not shown that the convictions about which he complains have been overturned by other processes. Thus, his claims based upon these allegedly unlawful convictions must be dismissed.

The *Heck* bar also applies to Plaintiff's claim that that unknown probation and parole officers violated his rights by "manipulating, modifying, and sabotaging" the calculation of his sentence, which resulted in him receiving a longer sentence than he should have received, and wrongfully deferring his parole. Courts have consistently held that a "state prisoner's suit challenging the computation of his sentence is a suit challenging the duration of his confinement, and therefore, the appropriate vehicle to raise such a claim in federal court is a writ of habeas corpus under § 2254, after exhausting state remedies." *Beaven v. Roth*, 74 F. App'x 635, 638 (7th Cir. 2003); *see also Erlin v. United States*, 364 F.3d 1127, 1133 (9th Cir. 2004) (applying *Heck* to Federal Tort Claims Act claim of negligent miscalculation of sentence); *Longacre v. Mich. Dep't of Corr.*, No. 2:14-cv-10, 2014 U.S. Dist. LEXIS 111920 (W.D. Mich. Aug. 13,

2014) (dismissing § 1983 claim alleging that the manner in which the plaintiff's sentence had been calculated would keep him in prison past his proper release date as barred by *Heck*) (also citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)); *Lewis v. Caruso*, No. 10-14804, 2011 U.S. Dist. LEXIS 86026, at *5-7 (E.D. Mich. Jan. 10, 2011) (dismissing claim that the defendants conspired to violate the plaintiff's rights by miscalculating his sentence and keeping him in prison nine years beyond his maximum sentence as barred by *Heck*).

Finally, Plaintiff's claim that his right to a speedy trial was violated is also barred by *Heck*. This is because "[t]he sole remedy for a violation of the speedy trial right [is] dismissal of the charges." *Betterman v. Montana*, 136 S. Ct. 1609, 1615 (2016) (citing *Strunk v. United States*, 412 U.S. 434, 440 (1973)); *see also Quinn v. Roach*, 326 F. App'x 280, 290 (5th Cir. 2009) ("The only remedy for a violation of the Sixth Amendment right to a speedy trial is dismissal of any criminal charges."). Thus, Plaintiff's only avenue of relief for this alleged violation of his rights is to appeal his conviction and seek relief through a habeas petition. *See, e.g.*, *Thomas v. Pugh*, 9 F. App'x 370 (6th Cir. 2001) (§ 1983 denial of speedy trial claim barred by *Heck*); *Mount v. Wakefield*, No. H-17-2987, 2017 U.S. Dist. LEXIS 170278, at *4 (S.D. Tex. Oct. 13, 2017) (same); *Hicks v. Jones*, No. 4:16cv416-WS/CAS, 2016 U.S. Dist. LEXIS 154329, at *4 (N.D. Fla. Oct. 18, 2016) (same); *Houston v. Lester*, No. 2:15-cv-2447, 2015 U.S. Dist. LEXIS 103849, at *7 (S.D. Ohio Aug. 7, 2015) (same).

For these reasons, the Court will dismiss these claims for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, this action will be dismissed by separate Order.

Date: December 1, 2017

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendants
4415.011